IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HOWARD ALAN ZOCHLINSKI,

      Plaintiff,                        No. CIV 11-cv-3295-KJM-JFM (PS)

      vs.

BLUM, *et al.*,

      Defendants.                  ORDER

_____/

      Pending before the court is plaintiff's motion to disqualify the undersigned pursuant to 28 U.S.C. § 455(a)(b)(1), motion for sanctions, request for reporter's presence and request for oral argument. The court has determined that the matter shall be submitted upon the record and briefs on file and accordingly, the date for hearing of this matter shall be vacated. Local Rule 230.

A.      Motion to Disqualify

      Plaintiff seeks recusal of the undersigned on the ground that Plaintiff's motion is based on this court's November 14, 2011 recommendation that plaintiff's complaint be dismissed with prejudice. Plaintiff contends that "[a] judge that makes prejudice judgments should not be allowed to make rulings in a case." Doc. No. 6 at 1.

/////

1

Section 455 provides in relevant part:

(a) Any . . . judge . . . shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b) He shall also disqualify himself in the following circumstances:

(1) Where he has a personal bias or prejudice concerning a party . . . .

28 U.S.C. § 455(a), (b)(1).

The standard for recusal under 28 U.S.C. § 455 is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." Mayes v. Leipziger, 729 F.2d 605, 607 (9th Cir. 1984) (quoting United States v. Nelson, 718 F.2d 315, 321 (9th Cir. 1983) ); Ronwin v. State Bar of Arizona, 686 F.2d 692, 700-01 (9th Cir. 1981), rev'd on other grounds sub nom. Hoover v. Ronwin, 466 U.S. 558 (1984).  The alleged prejudice must result from an extrajudicial source; a judge's prior adverse ruling is not sufficient cause for recusal. Mayes, 729 F.2d at 607.

Examination of the motion to disqualify demonstrates that the plaintiff's allegation arises solely from the undersigned's judicial determinations.  This cannot be the basis for recusal under 28 U.S.C. § 455.  See Mayes, 729 F.2d at 607; Toth, 862 F.2d at 1388.

Therefore, plaintiff's motion for disqualification will be denied.

B.     Motion for Sanctions

Plaintiff also moves for sanctions on the ground that counsel for defendants misled the court as to the nature of this case.  Plaintiff argues that despite the Notice of Related Case filed by defendants, this case is in fact unrelated to 2:10-cv-1824-KJM-JFM, to which this case was eventually related.  Examination of the motion convinces the court that sanctions are not warranted here.  This request will be denied.

C.     Request for Reporter's Presence

Next, plaintiff requests that a court reporter attend any and all hearings in this matter to ensure that a transcript is produced.  Plaintiff is informed that all hearings are recorded

by audio device and, should a transcript become necessary, either party may request one at their own expense. Accordingly, this request will be denied.

D.     Request for Oral Argument

Finally, plaintiff requests oral argument otherwise he contends he will be prejudiced in light of his "poor to mediocre" writing skills. Whether to hear oral argument is discretionary with the court; that is, according to Local Rule and the Federal Rules of Civil Procedure, plaintiff has no statutory right to oral argument. See Local Rule 230(g); Fed. R. Civ. P. 78(b). Furthermore, it is well-established that parties do not have a constitutional right to oral argument. Greene v. WCI Holdings Corp., 136 F.3d 313, 316 (2d Cir. 1998) (per curiam) (citing cases). Here, the court notes that plaintiff has been proceeding against the Regents of the University of California and various officials for the better part of nineteen years. The court has examined the filings in this action. At its discretion, the court finds that oral argument would not aid in the determination of the filed matters. Accordingly, this request will be denied.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The April 5, 2012 hearing in this matter is vacated; and

2. Plaintiff's February 24, 2012 motion to disqualify, motion for sanctions, request for reporter's presence and request for oral argument are denied.

DATED: March 30, 2012.

UNITED STATES MAGISTRATE JUDGE

/014;zoch3295.disq