IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HOWARD ALAN ZOCHLINSKI,

    Plaintiff,                    No. CIV 2:11-cv-3295-KJM-JFM (PS)

    vs.

BLUM, *et al.*,

    Defendants.             <u>ORDER</u>

_____/

        Pending before the court are the following: (1) defendants Regents of the University of California ("the Regents"), Larry Vanderhoef, Barbara Horwitz, Jeffrey Gibeling, Robert Powell and Pablo Ortiz's January 11, 2012 motion to dismiss; (2) plaintiff's February 2, 2012 motion to remand; (3) plaintiff's March 22, 2012 motion to stay; (4) plaintiff's April 16, 2012 motion for extension of time; and (5) plaintiff's May 2, 2012 motion for reconsideration. On review of the motions, the documents in support and opposition, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

        RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

        This action stems from plaintiff's 1993 disqualification from a Ph.D. program ("the Program") in Genetics at University of California at Davis ("UCD"). On February 12, 2004, plaintiff filed a formal petition for hearing to the Academic Senate to have his 1993

disqualification overturned. On February 28, 2005, the Representative Assembly voted to reinstate plaintiff as a graduate student into the Program. UCD officials, however, later determined that plaintiff would not be reinstated. In response to this determination, plaintiff filed a petition for writ of mandamus in Yolo County Superior Court, case number PT-07-009, seeking, inter alia, enforcement of the vote of the Representative Assembly to reinstate plaintiff as a graduate student. See Case No. 08-cv-0024-LEW-CKD, Doc. No. 8, Ex. D. These factual allegations serve as the basis for an action for damages that was removed to this court on January 3, 2008 and is presently stayed pending resolution of the state mandamus action. See Case No. 08-cv-0024-LEW-CKD.

During the course of the reinstatement dispute described above, plaintiff petitioned the Academic Senate on February 23, 2008 for award of a Ph.D. pursuant to a Three Paper Rule, which authorizes grant of a Ph.D. based on "the use of co-authored materials [that are] approved in principal by the department or graduate group concerned."[1] Compl. ¶ 30; Doc. No. 2-2 at 1-2. The petition was directed to the Student Petitions Subcommittee, which rejected it on June 26, 2008 on the ground that "the co-authored materials were not approved for use by your dissertation committee." Compl. ¶ 33; Doc. No. 2-2 at 3.

Plaintiff appealed this decision and sought a hearing before the Representative Assembly. Compl. ¶ 35. On September 15, 2008, Professor Robert Powell, Chair of the Academic Senate, informed plaintiff by letter that the rules of the Academic Senate did not permit appeals or hearings. Id., Ex. 2. Plaintiff thereafter filed a second petition for writ of mandamus in the Yolo County Superior Court against the Regents, case number PT-08-3413. Compl. ¶ 37.[2] That matter is presently pending on appeal. See Pl.'s Motion to Remand, Ex. A.

---

[1] As an alternative to the resolution of Case No. 08-cv-0024-LEW-CKD, plaintiff proposed an award of his Ph.D. under the Three Paper Rule. See Doc. No. 1 at 19.

[2] Defendants purportedly submit the state court order denying this second petition. See Fox Decl., Ex. A. Yet review of the submission reveals that it is in fact the order denying plaintiff's first petition for writ of mandate in case number PT-07-009, where the issue before the

2

Plaintiff initiated this action on June 28, 2010 in the Yolo County Superior Court for damages and declaratory and injunctive relief. The case was removed to this court on December 12, 2011[3] and initially assigned case number 2:11-cv-3295-MCE-CKD. It was thereafter reassigned to the Honorable Kimberly J. Mueller and the undersigned on January 5, 2012 consistent with Local Rule 123(a).

DISCUSSION

I.  Defendants' Motion to Dismiss

Defendants seek dismissal of plaintiff's complaint on the grounds that (1) the claims stated therein are barred by the statute of limitations; (2) the claims are barred because plaintiff has not overturned an adverse administrative decision; (3) the complaint fails to state a claim for relief; and (4) the Regents are not "persons" subject to suit under the federal civil rights statute. Alternatively, defendants request that this matter be stayed pending resolution of plaintiff's claims in state court. Alternatively, defendants request that plaintiff be ordered to provide a more definite statement of the claims.

The court has reviewed the complaint, which names in excess of thirty institutional and individual defendants, sued in their official and individual capacities, as well as 200 Doe defendants, and states generally that plaintiff "brings this suit for violations of his individual and associated rights under basic contract common law and under the First, Fourth, Fifth, Ninth and Fourteenth Amendments of the United States Constitution; 42 USC 1982, 1983, 1985, 1986 and 2000 et seq, the ADA; the California Constitution sections dealing with the University of California, civil rights provisions of the California State Constitution and laws for

---

state court was "whether the respondents acted in an arbitrary or capricious manner when they decided not to adopt the Representative Assembly's February 28, 2005 decision to reinstate Zochlinski." Fox Decl., Ex. A at 5-6.

[3] Despite this significant delay between the initiation of this case in state court and its removal to this court, removal is timely as defendant Powell was not served until November 12, 2011, and the Regents accepted service on behalf of Horwitz and Ortiz on November 14, 2011, and on behalf of Gibeling on November 15, 2011. Notice of Removal, ¶ 2.

1    their enforcement [including Unruh and Banes], the Bylaws, Rules, and Regulations of the
2    University of California, and all associated caselaw and statutes not expressly mentioned for both
3    contract and civil rights." Compl., ¶ 3.
4            On review, the court finds that the complaint does not comply with the Federal
5    Rules of Civil Procedure. Rule 8(a)(2) "requires only 'a short and plain statement of the claim
6    showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what
7    the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S.
8    544, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order
9    to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic
10   recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to
11   raise a right to relief above the speculative level." Bell Atlantic, id. However, "[s]pecific facts
12   are not necessary; the statement [of facts] need only '"give the defendant fair notice of what the .
13   . . claim is and the grounds upon which it rests."'" Erickson v. Pardus, 551 U.S. 89, 127 S.Ct.
14   2197, 2200 (2007) (quoting Bell, 127 S.Ct. at 1964, in turn quoting Conley v. Gibson, 355 U.S.
15   41, 47 (1957)). In reviewing a complaint under this standard, the court must accept as true the
16   allegations of the complaint in question, Erickson, id., and construe the pleading in the light most
17   favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).
18           The court has determined that the complaint does not contain a short and plain
19   statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible
20   pleading policy, a complaint must give fair notice and state the elements of the claim plainly and
21   succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). The
22   gravaman of plaintiff's claim is that he is entitled to a Ph.D. under the Three Paper Rule. Yet
23   plaintiff fails to allege with any degree of particularity overt acts which defendants engaged in
24   that support plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of
25   Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to
26   file an amended complaint.

If plaintiff chooses to amend his complaint, he is cautioned to avoid duplication of claims in this case and in Case No. 08-cv-0024-LEW-CKD. In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Also, plaintiff must allege claims for damages only under 42 U.S.C. § 1983 for violation of constitutional rights under the Fourteenth Amendment attributable to conduct occurring within the statute of limitations. Plaintiff is again informed that he may not maintain a damages action against the Regents or the individual defendants in their official capacities. Arizonans for Official English v. Arizona, 520 U.S. 43, 69 n.24 (1997); Will v. Michigan Dep't of State Police, 491 U.S. 58, 64 (1989) (a state is not a "person" under Section 1983); see Maldonado v. Harris, 370 F.3d 954, 951 (9th Cir. 2004) ("[s]tate agencies ... are not 'persons' within the meaning of § 1983, and are therefore not amenable to suit under that statute"); Cerrato v. San Francisco Community College Dist., 26 F.3d 968, 973 n. 16 (9th Cir.1994); Armstrong v. Meyers, 964 F.2d 948, 949-50 (9th Cir. 1992); Brooks v. Sulphur Springs Valley Elec. Co., 951 F.2d 1050, 1053 (9th Cir. 1991).

Finally, defendants ask the court to abstain pursuant to Railroad Comm'n v. Pullman Co., 312 U.S. 496 (1941), from this action pending resolution of the state mandamus action. Pullman abstention is appropriate where:

> (1) The complaint touches a sensitive area of social policy upon which the federal courts ought not to enter unless no alternative to its adjudication is open.
>
> (2) Such constitutional adjudication plainly can be avoided if a definitive ruling on the state issue would terminate the controversy.

1       (3) The possibly determinative issue of state law is doubtful.
Sinclair Oil Corp. v. County of Santa Barbara, 96 F.3d 401, 409 (9th Cir. 2006).  Here, plaintiff has filed a writ of mandate in the state court concerning conferral of a Ph.D. degree pursuant to the Three Paper Rule.  As the court notes in Case No. 08-cv-0024-LEW-CKD, whether plaintiff has a vested property interest in conferment of a Ph.D. is an unclear matter of state law.  Absent that right, plaintiff may not maintain this action.  Accordingly, abstention under Pullman is appropriate.

II.     Plaintiff's Motion to Remand

Plaintiff seeks remand to the state court on the grounds that this matter is primarily a state law case and no major federal questions arise, this court is ill-equipped to adjudicate his state law claims, and this case is related to a pending case in state court.  The court finds no merit to these arguments.  Furthermore, remand is inappropriate in light of plaintiff's request for damages.  See Gilbertson v. Albright, 381 F.3d 965, 968 (9th Cir. 2004).

III.    Motion to Stay

For the reasons set forth above, this matter will be stayed pending resolution of plaintiff's state mandamus action.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendants' motion to dismiss is granted with leave to amend within sixty days of the resolution of the state mandamus proceedings to allege claims for damages only under 42 U.S.C. § 1983, for violation of constitutional rights under the Fourteenth Amendment attributable to conduct occurring within the statute of limitations. Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed;

2. Plaintiff's motion for remand is denied;

3. Plaintiff's motion to stay is granted;

/////

4. Plaintiff's motion for extension of time and motion for reconsideration are denied;

5. This action is stayed pending resolution of the state mandamus action;

6. Defendants are directed to advise the court within thirty days of the resolution of the state mandamus proceedings; and

7. The Clerk of the court is directed to administratively close this action pending defendants' notice of completion of the state mandamus proceedings.

DATED: August 23, 2012.

UNITED STATES MAGISTRATE JUDGE

/014;zoch3295.mtd