UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD ALAN ZOCHLINSKI, | No.  2:11-cv-03295 KJM KJN (PS) |
| Plaintiff, | |
| v. | <u>ORDER TO SHOW CAUSE</u> |
| RICHARD C. BLUM, et al., | |
| Defendants. | |

On August 24, 2012, this action was stayed and defendants were directed to advise the court of the resolution of the state mandamus proceedings. ECF No. 42 (noting that "[t]he gravamen of plaintiff's claim is that he is entitled to a Ph.D. under the Three Paper Rule"). In determining that this action should be stayed, the court noted the following:

> <u>Pullman</u>[1] abstention is appropriate where:
>
> > (1) The complaint touches a sensitive area of social policy upon which the federal courts ought not to enter unless no alternative to its adjudication is open.
> >
> > (2) Such constitutional adjudication plainly can be avoided if a definitive ruling on the state issue would terminate the controversy.
> >
> > (3) The possibly determinative issue of state law is doubtful.

---

[1] <u>Railroad Comm'n v. Pullman Co.</u>, 312 U.S. 496 (1941).

1

> Sinclair Oil Corp. v. County of Santa Barbara, 96 F.3d 401, 409 (9th Cir. 2006). Here, plaintiff has filed a writ of mandate in the state court concerning conferral of a Ph.D. degree pursuant to the Three Paper Rule. As the court notes in Case No. 08-cv-0024-LEW-CKD, whether plaintiff has a vested property interest in conferment of a Ph.D. is an unclear matter of state law. Absent that right, plaintiff may not maintain this action. Accordingly, abstention under Pullman is appropriate.

Id. at 5-6. On July 17, 2013, defendants filed a notice of final resolution of the state mandamus proceedings, and included copies of the relevant state court decisions. ECF No. 44. In light of the Superior Court's judgment in favor of the Regents of the University of California in the state mandamus action, it appears that plaintiff's claims in this action are moot. See ECF No. 46-1 at 6 (Superior Court's judgment concluding that "there is no evidence in the record to show that it was arbitrary or capricious for the Student Petitions Subcommittee to refuse to retroactively grant [plaintiff] his Ph.D. degree under the [Three Paper Rule] under the circumstances in this case."). Therefore, plaintiff will be ordered to show cause why this action should not be dismissed.

In the interim, on June 5, 2013, plaintiff filed a motion to have the court's stay maintained in effect pending resolution of his forthcoming writ of certiorari with the Supreme Court of the United States. ECF No. 43. Defendants filed an opposition thereto. ECF No. 45. A review of the status of plaintiff's petition for a writ of certiorari shows that the United States Supreme Court denied the petition on October 15, 2013. See Zochlinski v. Regents of the Univ. of California, No. 13-5664, 2013 WL 4014001 (U.S. Oct. 15, 2013). Thus, plaintiff's motion to have the stay maintained in effect will be denied as moot.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to reopen this action;

2. No later than December 11, 2013, plaintiff shall show cause why this action should not be dismissed on mootness grounds;

3. No later than December 27, 2013, defendants may file a reply to plaintiff's response to the order to show cause;

4. The matter will thereafter stand submitted; and

/////

5. Plaintiff's June 5, 2013, motion to have the stay maintained in effect (ECF No. 43) is denied as moot.

Dated:  November 19, 2013

zoch3295.osc

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE