UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| HOWARD ALAN ZOCHLINSKI, | No. 2:11-cv-03295 KJM KJN (PS) |
|---|---|
| Plaintiff, | |
| v. | ORDER AND FINDINGS & RECOMMENDATIONS |
| RICHARD C. BLUM, et al., | |
| Defendants. | |

Plaintiff is proceeding in pro per in this action. Currently before the court is plaintiff's reply to the court's November 19, 2013 order to show cause why this action should not be dismissed on mootness grounds; and defendants' response thereto. See ECF No. 48. After considering the supporting documentation submitted by the parties, and for the reasons discussed below, the court recommends that plaintiff's claims based on a property interest in a Ph.D. be dismissed as moot, and plaintiff be granted leave to amend his complaint as to the remaining claims.

I.  Background

This action arises out of plaintiff's pursuit of a Ph.D. at the University of California, Davis ("U.C. Davis"). On December 12, 2011, this action was removed by defendants from Yolo County Superior Court. ECF No. 2.

////

1

Plaintiff's complaint is "based on the refusal of the Student Petitions Committee of the Academic Senate of the University of California, Davis, to award [plaintiff] his Ph.D. based on the three-paper rule."[1]  Complaint, ECF No. 2-1, at 6.  Therein, plaintiff sets forth eight claims against defendants as follows: (1) violation of common law on contracts and particular civil rights protections regarding minority individuals and their rights under contract; (2) violation of plaintiff's due process rights and rights of equal protection; liberty; association; employment; education and property; (3) violations of the Americans with Disabilities Act and related California state statutes regarding the disabled; (4) violations of due process rights and rights of equal protection; liberty; employment; associational rights under 42 U.S.C. § 1983 and California statutes designed to protect citizens of the state from the same intrusions; (5) conspiracy to deprive plaintiff of his federally-protected and state guaranteed rights and to commit contract fraud; (6) failure to prevent conspiracy to deprive federally-protected and state guaranteed rights and contract fraud; (7) failure to enforce the standing orders, bylaws, rules and regulations of the Regents of the University of California; and (8) First Amendment violations.  Id. at 16-24.

Plaintiff's claims turn on his allegation that he was improperly denied his Ph.D. based on the Three Paper Rule.  For example, with regard to plaintiff's equal protection claim, plaintiff alleges that "he is a member of a protected class under the contract sections of [42 U.S.C. § 1981]; and is entitled to protection and compensation under this law."  Id. at 17.  Similarly, plaintiff alleges that "[b]y awarding other students in similar situations as [plaintiff] a [Three Paper Rule] but denying [plaintiff] a Ph.D. under the same rules, they have denied him equal protection under the law."  Id. at 18.  Plaintiff also alleges that he "has been deprived of a valuable property without just cause, for reasons of racial animus, retaliation, bias and to undermine his First Amendment Rights."  Id. at 18.  With regard to his claim pursuant to the Americans with Disabilities Act, plaintiff alleges that defendants "refused to recognize that [plaintiff's] disabilities interfered with his work" and "[d]efendants could have awarded his Ph.D. to him based" upon this recognition."  Id. at 21.  Finally, plaintiff alleges that "[d]efendants

---

[1] The Three Paper Rule, or "TPR", "was a policy under which the UC Davis Genetics graduate group awarded Ph.D. degrees based in part on the use of articles published in scientific journals." Snyder Decl., ECF No. 46-1, Ex. A at 4.

conspired among themselves . . . to prevent [plaintiff] from acquiring the Ph.D. he has earned in the field of Genetics" in violation of his contract rights under 42 U.S.C. § 1985. Id. at 23.

On January 11, 2012, defendants filed a motion to dismiss plaintiff's complaint. ECF No. 10. Therein, defendants argued the following: (1) the action is barred by the statute of limitations; (2) plaintiff fails to state a claim upon which relief could be granted; or (3) the action should be stayed pending the outcome of plaintiff's appeal of the state court's denial of his mandamus petition involving the refusal of the U.C. Davis Student Committee to award plaintiff his Ph.D. Id.

On August 24, 2012, the court granted defendants' motion to dismiss with leave to amend and stayed this action. ECF No. 42 (noting that "[t]he gravamen of plaintiff's claim is that he is entitled to a Ph.D. under the Three Paper Rule"). In determining that this action should be stayed, the court noted the following:

> Pullman[2] abstention is appropriate where:
>
> (1) The complaint touches a sensitive area of social policy upon which the federal courts ought not to enter unless no alternative to its adjudication is open.
>
> (2) Such constitutional adjudication plainly can be avoided if a definitive ruling on the state issue would terminate the controversy.
>
> (3) The possibly determinative issue of state law is doubtful.
>
> Sinclair Oil Corp. v. County of Santa Barbara, 96 F.3d 401, 409 (9th Cir. 2006). Here, plaintiff has filed a writ of mandate in the state court concerning conferral of a Ph.D. degree pursuant to the Three Paper Rule. As the court notes in Case No. 08-cv-0024-LEW-CKD, whether plaintiff has a vested property interest in conferment of a Ph.D. is an unclear matter of state law. Absent that right, plaintiff may not maintain this action. Accordingly, abstention under Pullman is appropriate.

Id. at 5-6. Defendants were ordered to advise the court of the resolution of the state mandamus proceedings. On July 17, 2013, defendants filed a notice of final resolution of the state mandamus proceedings, and included copies of the relevant state court decisions. ECF No. 44. In light of the Superior Court's judgment in favor of the Regents of the University of California in

---

[2] Railroad Comm'n v. Pullman Co., 312 U.S. 496 (1941).

3

1  the state mandamus action, it appeared to the court that plaintiff's claims in this action were moot.
2  See ECF No. 46-1 at 6.  As a result, plaintiff was ordered to show cause why this action should
3  not be dismissed.
4        Following three extensions of time, plaintiff filed a response to the order to show cause on
5  February 26, 2014.  ECF No. 59.  Defendants replied thereto on March 11, 2014.  ECF No. 60.
6  On March 18, 2014, plaintiff filed a motion to excuse his late filing and a response to defendants'
7  reply.  ECF No. 61.  On March 21, 2014, defendants filed an objection to plaintiff's response to
8  defendants' reply, requesting the court to strike plaintiff's response.  ECF No. 62.
9        For the reasons set forth below, the court recommends that plaintiff's claims based on a
10 property interest in a Ph.D. be dismissed as moot, and plaintiff be granted leave to amend his
11 complaint, if possible, as to the remaining claims.
12 II.     Plaintiff's Motion to Excuse Late Filing
13       As a threshold matter, the court addresses plaintiff's March 18, 2014 "motion to excuse
14 late filing . . . and response to defendants' reply to plaintiff's response to the court's order to
15 show cause;" and defendants' March 21, 2014 objection thereto.  ECF Nos. 61, 62.
16       On February 18, 2014, the court ordered plaintiff to show cause why this action should not
17 be dismissed on mootness grounds no later than seven days from the date of the order, or by
18 February 25, 2014.  ECF No. 57.  The order was mailed to plaintiff on the same day.  On
19 February 26, 2014, plaintiff mailed his response to the order to show cause.  ECF No. 59.  Rule
20 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within
21 a specified time after service and service is made under Rule 5(b)(2)(C), (D), or (F), 3 days are
22 added after the period would otherwise expire under Rule 6(a)."  Although such rule does not
23 apply when the court sets a specific time period for the response, the court finds it excusable that
24 plaintiff mailed his response on February 26, 2014.  Accordingly, plaintiff's March 18, 2014
25 motion to excuse late filing (ECF No. 61) is granted.
26       To the extent that plaintiff includes a response to defendants' reply in his March 18, 2014
27 motion, the response is disregarded by the court.  The court's prior orders directing the parties to
28 respond to the order to show cause clearly state that once defendants' reply is filed, the matter

will stand submitted. ECF Nos. 48, 51, 53, 57. Plaintiff was not directed to respond to defendants' reply, nor did the court grant plaintiff leave to do so. In that regard, defendants' March 21, 2014 request that the court strike plaintiff's response (ECF No. 62) is granted.

III.    Legal Standard for Mootness

Mootness is a threshold jurisdictional issue. Sea-Land Serv., Inc. (Pac. Div.) v. Int'l Longshoremen's & Warehousemen's Union, Locals 13, 63, & 94, 939 F.2d 866, 870 (9th Cir. 1991). A case becomes moot when "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 481 (1982). The mootness doctrine contains two requirements: that the underlying issue be "live" and that the particular party pursuing it have a "legally cognizable interest in the outcome." United States Parole Comm'n v. Geraghty, 445 U.S. 388, 396 (1980) (quoting Powell v. McCormack, 395 U.S. 486, 496 (1969)). "Relief from another tribunal can moot an action." Sea-Land, 939 F.2d at 870 ((citing Enrico's, Inc. v. Rice, 730 F.2d 1250, 1253-54 (9th Cir. 1984) (decision by California Court of Appeal mooted petitioner's request for injunctive relief in federal district court)); see also Moongate Water Co., Inc. v. Dona Ana Mut. Domestic Water Consumers Ass'n, 420 F.3d 1082, 1088 (10th Cir. 2005) ("The intervening judgment of another tribunal may be the cause of mootness.").

"There are, however, a few exceptions to the mootness doctrine. These include cases where the defendant's conduct constitutes a wrong 'capable of repetition yet evading review,' or where the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time." Native Vill. of Noatak v. Blatchford, 38 F.3d 1505, 1509 (9th Cir. 1994) (citing Barilla v. Ervin, 886 F.2d 1514, 1519 (9th Cir. 1989); Lindquist v. Idaho State Bd. of Corrections, 776 F.2d 851, 854 (9th Cir. 1985)).

IV.    State Court Proceedings

On January 19, 2010, the Superior Court of California for the County of Yolo ruled on plaintiff's petition for writ of mandate and prohibition, case number CV PT 08-3413. Snyder Decl. at Ex. A. The court ruled, in part, as follows:

5

> In this writ petition, the petitioner seeks the immediate award of a Ph.D. degree under the TPR. [citations omitted.] Petitioner challenges (1) the June 26, 2008, decision of the Student Petitions Subcommittee to deny the petitioner's petition for a Ph.D. degree in Genetics under the TPR as of December, 1992, and (2) the September 15, 2008, decision by Robert Powell, Chair of the Davis Division of the Academic Senate, to deny the petitioner's appeal of the Student Petitions Subcommittee's decision and the petitioner's request for consideration by the Representative Assembly. [citation omitted.]
>
> The record before the Court shows that regardless of its name (i.e., TPR or "use of co-authored materials" policy), there was a policy under which the UC Davis Genetics graduate group awarded Ph.D. degrees based in part on the use of articles published in scientific journals. [citations omitted.]
>
> However, it has not been established that the decision of the Student Petitions Subcommittee to deny the petitioner's request for a TPR-Ph.D. is arbitrary or capricious. In making its decision, the Student Petitioners Subcommittee considered the petition before it, the letters of support from Dr. Murray Gardner and Dr. Janet Yamamoto, the articles the petitioner co-authored, and the policy regarding the use of co-authored materials. [citation omitted.] Because the materials the petitioner co-authored were not approved for use by the petitioner's dissertation committee, the Subcommittee denied the petitioner's request. [citation omitted.]
>
> . . . .
>
> In sum, there is no evidence in the record to show that it was arbitrary or capricious for the Student Petitions Subcommittee to refuse to retroactively grant the petitioner his Ph.D. degree under the TPR under the circumstances in this case.

Snyder Decl. at Ex. A. On January 10, 2013, the California Court of Appeal for the Third Appellate District affirmed the trial court's ruling. The Court of Appeal ruled, in part, as follows with regard to case number C064600, which addresses Yolo County Superior Court case number CV PT 08-3413:

> . . . Zochlinski contends UC Davis abused its discretion in failing to retroactively award him a Ph.D. under what Zochlinski calls the Three Paper Rule, and the trial court erred in its interpretation of the applicable bylaws, rules and regulations.
>
> . . . .
>
> Although Zochlinski continues to assert his academic history in numerous and repetitive lawsuits, this does not mean the trial court must repeatedly address repetitious complaints. Regarding case No. C064600, the sole issue before the trial court was whether UC

> Davis abused its discretion in denying Zochlinski's petition to obtain his Ph.D. as of December 1992 under the Three Paper Rule. . . . .
>
> Zochlinski says the trial court stated he "could have used the three published articles he co-authored as all or part of his dissertation: as is stated in the 1991 TPR rules." According to Zochlinski, this means UC Davis fraudulently breached its contractual obligation to him. But his quote is incomplete and taken out of context. The trial court correctly found that under the rule in effect in the early 1990s (before Zochlinski's disqualification from the genetics Ph.D. program), he "could have used the three published articles he co-authored as all or part of his dissertation, upon the approval of (1) his dissertation committee and, (2) because he was not the sole or first author of any of the published articles, the Genetics department or graduate group."[]
>
> There is no evidence that prior to being disqualified from the Ph.D. program, Zochlinski (1) obtained the approval or would have obtained the approval of the genetics department or graduate group and his dissertation committee, (2) to use co-authored papers, (3) on a subject unrelated to the agreed-upon dissertation topic, (4) as a complete replacement for his dissertation, which was supposed to be prepared in an NIH R0I format. Rather, 15 years after he was disqualified from the genetics graduate program -- and after one member of his dissertation committee had died, another was employed by a different university and the third was on emeritus status -- he obtained letters supporting his Three Paper Rule petition from the two surviving members of his defunct dissertation committee.[]
>
> Zochlinski no longer has a dissertation committee, which requires three members, two of whom are members of the UC Davis genetics graduate group. (Operating Procedures Genetics Graduate Group, part V.D.1.) But even if letters from former members of a former committee could somehow be construed as a retroactive approval by the dissertation committee for using co-authored papers, Zochlinski also needed the approval of the genetics department or graduate group. He does not have such approval. It is simply too late for Zochlinski to be granted "a Ph.D. degree in genetics as of December, 1992" on the basis of the Three Paper Rule as he requested. The trial court did not abuse its discretion in finding that UC Davis was not arbitrary or capricious in denying Zochlinski's Three Paper Rule petition.

Snyder Decl. at Ex. B. The Supreme Court denied plaintiff's petition for writ of certiorari on October 15, 2013. <u>Zochlinski v. Regents of the Univ. of California</u>, 1347 S. Ct. 430 (2013).

V.  <u>Discussion</u>

    A.  <u>Due Process Clause and Other Claims Based on Alleged Contractual Rights</u>

With regard to plaintiff's allegations that defendants violated his due process and

7

1  contractual rights when they denied him a Ph.D. under the Three Paper Rule, the court finds that
2  these claims should be dismissed as barred by the doctrine of mootness.

3        With regard to his due process claim, a Section 1983 claim based upon procedural due
4  process requires "a liberty or property interest protected by the Constitution" and actual
5  deprivation of the interest.  Portman v. County of Santa Clara, 995 F.2d 898, 904 (9th Cir. 1993).
6  Here, a state tribunal has ruled that the denial of plaintiff's Three Paper Rule petition was not
7  arbitrary or capricious.  Thus, plaintiff does not have a cognizable property interest in receiving a
8  Ph.D.  See, e.g., Wedges/Ledges of California, Inc. v. City of Phoenix, 24 F.3d 56, 62 (9th Cir.
9  1994) (("A protected property interest is present where an individual has a reasonable expectation
10 of entitlement deriving from 'existing rules or understandings that stem from an independent
11 source such as state law.'") (citations omitted)).  Accordingly, the court finds that plaintiff's
12 claims based on the Due Process Clause are barred as moot.

13       To the extent plaintiff alleges claims based on 42 U.S.C. §§ 1981, 1982, 1985 and 1986,
14 the court finds that these claims are also barred by the doctrine of mootness.

15       Under Section 1981, "All persons within the jurisdiction of the United States shall have
16 the same right in every State and Territory to make and enforce contracts, to sue, be parties, give
17 evidence, and to the full and equal benefit of all laws and proceedings for the security of persons
18 and property as is enjoyed by white citizens, and shall be subject to like punishment, pains,
19 penalties, taxes, licenses, and exactions of every kind, and to no other."  42 U.S.C. § 1981.
20 Additionally, under Section 1982, "[a]ll citizens of the United States shall have the same right, in
21 every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell,
22 hold, and convey real and personal property."  42 U.S.C. § 1982.

23       A claim brought for violation of Section 1985(3) requires "four elements: (1) a
24 conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of
25 persons of the equal protection of the laws, or of equal privileges and immunities under the laws;
26 and (3) an act in furtherance of this conspiracy; (4) whereby a person is either injured in his
27 person or property or deprived of any right or privilege of a citizen of the United States."  Sever
28 v. Alaska Pulp Corp., 978 F.2d 1529, 1536 (9th Cir. 1992) (citation omitted).  "Section 1986

1  imposes liability on every person who knows of an impending violation of section 1985 but

2  neglects or refuses to prevent the violation." Karim-Panahi v. Los Angeles Police Dept., 839

3  F.2d 621, 626 (9th Cir. 1988). "A violation of section 1986 thus depends on the existence of a

4  valid claim under Section 1985." Sanchez v. City of Santa Ana, 936 F.2d 1027, 1040 (9th Cir.

5  1990).

6       Here, plaintiff alleges, for example, that "[d]efendants conspired among themselves . . . to

7  prevent [plaintiff] from acquiring the Ph.D. he has earned in the field of Genetics" in violation of

8  his contractual rights under 42 U.S.C. § 1985. Complaint at 23. Plaintiff also makes conclusory

9  allegations that defendants violated his contractual rights under 42 U.S.C. §§ 1981, 1982 and

10  1986 when they denied him a Ph.D. under the Three Paper Rule. Id. at 17-18, 23, 26. Thus,

11  plaintiff alleges that he had a contractual right to conferral of a Ph.D. under these statutes and was

12  injured when the Student Committee denied him his alleged property interest in the degree.

13       However, a state tribunal has ruled that plaintiff does not have a vested property interest in

14  receiving a Ph.D. from U.C. Davis under the Three Paper Rule. Snyder Decl. at Ex. B. Thus,

15  plaintiff cannot litigate the existence of a contractual relationship for the purpose of establishing a

16  constitutionally protected property interest in conferral of a Ph.D. when a state tribunal has

17  already determined that he does not have a legitimate claim of entitlement to the degree. Wedges,

18  24 F.3d at 62. In light of the state tribunal's judgment, plaintiff's claims under 42 U.S.C.

19  §§ 1981, 1982, 1985 and 1986 cannot be sustained. See, e.g., Jimenez v. Wellstar Health System,

20  596 F.3d 1304, 1310-13 (11th Cir. 2010) (because plaintiff did not have, among other things, a

21  contractual or state-law entitlement to maintain medical privileges, he failed to properly allege a

22  violation of Sections 1981 and 1985(3) based on an interference with a property interest).

23  Accordingly, to the extent these statutes are applicable to plaintiff's action, plaintiff's claims

24  based on a contractual right to a Ph.D. are barred by the mootness doctrine.

25       In his response to the court's order to show cause, plaintiff argues that this action should

26  not be dismissed as moot because he recently filed petitions with the chair of the academic senate

27  of U.C. Davis and other faculty members requesting an administrative hearing regarding the

28  Three Paper Rule decision. ECF No. 59 at 2. Plaintiff also argues that he is preparing a motion

for retrial in Yolo County Superior Court.³ Id. at 3. To the extent plaintiff is attempting to argue that his efforts constitute an exception to the doctrine of mootness, this argument fails. Here, plaintiff's arguments do not show that his claims fall within the capable of repetition yet evading review exception. Noatak, 38 F.3d at 1509. Likewise, plaintiff's arguments do not establish that defendants voluntarily ceased an allegedly illegal practice but are free to resume it at any time. Id.

Moreover, plaintiff's recently-submitted petitions do not negate the state tribunal's judgment on the issue of a vested property interest in conferral of a Ph.D. The fact that plaintiff is seeking reconsideration of the Three Paper Rule decision with U.C. Davis in no way diminishes the weight of the California Court of Appeals' decision.

For these reasons, the court finds that plaintiff's claims based on the Due Process Clause and other alleged contractual rights are barred as moot because he does not have a cognizable property interest in a Ph.D., and therefore recommends that leave to amend be denied.

B.      Remaining Claims

To the extent the court can decipher plaintiff's original complaint, it appears that his remaining claims are based on a violation of his constitutional rights under the First and Fourteenth Amendments, the Americans with Disabilities Act, and related California statutes. The court finds that these claims are not barred by the doctrine of mootness because they do not require a cognizable property interest. See, e.g., Pinard v. Clatskanie Sch. Dist. 6J, 467 F.3d 755, 770 (9th Cir. 2006) ("To establish a First Amendment retaliation claim in the student speech context, a plaintiff must show that (1) he was engaged in a constitutionally protected activity, (2) the defendant's actions would chill a person of ordinary firmness from continuing to engage in the protected activity and (3) the protected activity was a substantial or motivating factor in the defendant's conduct."); Building 11 Investors LLC v. City of Seattle, 912 F. Supp. 2d 972, 983 n.6 (W.D. Wash. 2012) (a claim for equal protection does not require a property interest);

---

³ Plaintiff included an extensive argument in his reply that addresses res judicata, and requests an evidentiary hearing on this issue. ECF No. 59 at 6-15. However, the court ordered plaintiff to address the doctrine of mootness, not res judicata. The court finds that plaintiff's arguments regarding res judicata are irrelevant, and his request for an evidentiary hearing is therefore denied.

McGary v. City of Portland, 386 F.3d 1259, 1265 (9th Cir. 2004) ((To establish a prima facie case of disability discrimination under the ADA, a plaintiff must prove: "(1) he is an individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) he was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of [his] disability.") (alteration in original) (quoting Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002) (per curiam)) (internal quotation marks omitted)).

Here, the court has determined that plaintiff's original complaint did "not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2)." ECF No. 42. While the court has significant questions whether all such claims are time-barred, nevertheless, it may be that plaintiff is able to cure the defects in his complaint by amendment. See Intri–Plex Techs., Inc. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (dismissal without leave to amend is only proper if it is clear that "the complaint could not be saved by any amendment") (internal citations and quotations omitted). Thus, plaintiff should be provided the opportunity to amend his complaint to "allege with at least some degree of particularity overt acts which defendant[] engaged in that support plaintiff's claim." Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984) (quotation and citation omitted). For that reason, plaintiff should be granted leave to amend his complaint only as to his claims based on the First and Fourteenth Amendments, the Americans with Disabilities Act, and related California statute claims.[4]

/////

---

[4] Plaintiff is reminded of the court's August 24, 2012 order which provided: "[P]laintiff must allege claims for damages only under 42 U.S.C. § 1983 for violation of constitutional rights under the Fourteenth Amendment attributable to conduct occurring *within the statute of limitations*. Plaintiff is again informed that he may not maintain a damages action against the Regents or the individual defendants in their official capacities. Arizonans for Official English v. Arizona, 520 U.S. 43, 69 n.24 (1997); Will v. Michigan Dep't of State Police, 491 U.S. 58, 64 (1989) (a state is not a "person" under Section 1983); see Maldonado v. Harris, 370 F.3d 954, 951 (9th Cir. 2004) ("[s]tate agencies ... are not 'persons' within the meaning of § 1983, and are therefore not amenable to suit under that statute"); Cerrato v. San Francisco Community College Dist., 26 F.3d 968, 973 n. 16 (9th Cir.1994); Armstrong v. Meyers, 964 F.2d 948, 949-50 (9th Cir. 1992); Brooks v. Sulphur Springs Valley Elec. Co., 951 F.2d 1050, 1053 (9th Cir. 1991)." ECF No. 42 at 5 (emphasis added).

VI. Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's March 18, 2014 motion to excuse late filing (ECF No. 61) is granted; and

2. Defendants' March 21, 2014 request that the court strike plaintiff's response (ECF No. 62) is granted.

Furthermore, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's claims based on the Due Process Clause and other contractual rights be dismissed as barred by the doctrine of mootness; and

2. Plaintiff be granted twenty-one days to file an amended complaint only as to his claims based on the First and Fourteenth Amendments, the Americans with Disabilities Act, and related California statute claims, and only to the extent that such claims are not barred by the applicable statutes of limitations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.   The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 2, 2014

zoch3295.fr

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE