UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD ALAN ZOCHLINSKI, | No. 2:11-CV-03295 KJM KJN (PS) |
| Plaintiff, | |
| v. | <u>ORDER</u> |
| RICHARD C. BLUM, et al., | |
| Defendants. | |

On April 2, 2014, the magistrate judge filed findings and recommendations, which were served on the parties and which contained notice that any objections to the findings and recommendations were to be filed within fourteen days. ECF No. 63. On April 16, 2014, defendants filed objections, ECF No. 64, and, after receiving an extension of time, plaintiff filed objections to the findings and recommendations on May 15, 2014, ECF No. 68. Both parties' objections have been considered by the court.

In accordance with the provisions of 28 U.S.C. § 636(b)(1) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the file, the court declines to adopt the magistrate judge's recommendations in part and adopts them in part, as discussed below.

/////

/////

1

I. BACKGROUND

Plaintiff has filed an action challenging the refusal of the Student Petitions Committee of the University of California, Davis, to award him a Ph.D. based on the "three-paper rule."  His complaint contains eight claims against various defendants:  (1) violation of the common law on contracts and civil rights protections for minority individuals and their rights under contract; (2) violation of plaintiff's due process rights and rights of equal protection, liberty, association, employment, education and property; (3) violations of the Americans with Disabilities Act and similar California statutes;  (4) violations of rights to due process and equal protection, liberty, employment and association under 42 U.S.C. § 1983 and similar California statutes; (5) conspiracy to deprive plaintiff of rights protected by state and federal law and to commit contract fraud; (6) failure to prevent this conspiracy; (7) failure to enforce certain University regulations and orders; and (8) violation of his First Amendment rights.   ECF No. 2-1.

Defendants removed the action from Yolo County Superior Court on December 12, 2011.  ECF No. 2.

Defendants filed a motion to dismiss on January 11, 2012, arguing the action is barred by the statute of limitations and plaintiff failed to state a claim.  They also argued the case should be stayed pending the outcome of an appeal from the state court's denial of plaintiff's administrative mandamus petition regarding the refusal to award him a Ph.D.  ECF No. 10.

The magistrate judge stayed the action,  ECF No. 42, but lifted the stay in 2013 after the state appellate court upheld the ruling in favor of the Regents of  the University of California. ECF No. 44.

On January 19, 2010, the Yolo County Superior Court concluded the decision to deny plaintiff's petition for a Ph.D. was not arbitrary or capricious. ECF No. 46-1 at 4–5.

In addressing the claims presented here regarding the University's refusal to grant plaintiff his Ph.D. in accordance with the three-paper rule, the state Court of Appeal said, "The sole issue before the trial court was whether UC Davis abused its discretion in denying Zochlinski's petition to obtain his Ph.D. . . . ."  On this issue, Zochlinski must show that he met

/////

the governing requirements and there was no legitimate reason to reject his petition." *Id.* at 30.  It concluded:

> Zochlinski says the trial court stated he "could have used the three published articles he co-authored as all or part of his dissertation: as is stated in the 1991 TPR rules." According to Zochlinski, this means UC Davis fraudulently breached its contractual obligation to him. But his quote is incomplete and taken out of context. The trial court correctly found that under the rule in effect in the early 1990's (before Zochlinski's disqualification from the genetics Ph.D. program), he "could have used the three published articles he co-authored as all or part of his dissertation, upon the approval of (1) his dissertation committee and, (2) because he was not the sole or first author of any of the published articles, the Genetics department or graduate group."
>
> There is no evidence that prior to being disqualified from the Ph.D. program, Zochlinski (1) obtained the approval or would have obtained the approval of the genetics department or graduate group and his dissertation committee, (2) to use co-authored papers, (3) on a subject unrelated to the agreed-upon dissertation topic, (4) as a complete replacement for his dissertation, which was supposed to be prepared in an NIH RO1 format. Rather, 15 years after he was disqualified from the genetics graduate program—and after one member of his dissertation committee had died, another was employed by a different university and the third was on emeritus status—he obtained letters supporting his Three Paper Rule petition from the two surviving members of his defunct dissertation committee.
>
> Zochlinski no longer has a dissertation committee, which requires three members, two of whom are members of the UC Davis genetics graduate group. (Operating Procedures Genetics Graduate Group, part V.D.1.) But even if letters from former members of a former committee could somehow be construed as a retroactive approval by the dissertation committee for using co-authored papers, Zochlinski also needed the approval of the genetics department or graduate group. He does not have such approval. It is simply too late for Zochlinski to be granted "a Ph.D. degree in genetics as of December, 1992" on the basis of the Three Paper Rule as he requested. The trial court did not abuse its discretion in finding that UC Davis was not arbitrary or capricious in denying Zochlinski's Three Paper Rule petition.

ECF No. 46-1 at 30-31.

The magistrate judge directed plaintiff to show cause why his claims based on any property interest in the Ph.D had not been mooted by the state court's decision.  ECF No. 48.

On April 2, 2014, the magistrate judge filed an order and findings and recommendations recommending dismissal of plaintiff's claims based on the Due Process Clause

3

and other contractual rights as barred by the doctrine of mootness.  Findings and Recommendations, ECF No. 63 at 12.  The magistrate judge wrote, "[h]ere, a state tribunal has ruled that the denial of plaintiff's Three Paper Rule petition was not arbitrary or capricious.  Thus, plaintiff does not have a cognizable interest in receiving a Ph.D." *Id.* at 8 (citing *Wedges/Ledges of Cal., Inc. v. City of Phoenix*, 24 F.3d 56, 62 (9th Cir. 1994)).  The magistrate judge found plaintiff's claims under 42 U.S.C. §§ 1981, 1982, 1983, 1985 and 1986 similarly barred as moot by the Court of Appeal's rejection of plaintiff's claims.  *Id.* at 8–9.  The judge granted plaintiff leave to amend the remaining claims and rejected, at least at this stage, defendants' argument that the entire action was barred by the statute of limitations.

II.  ANALYSIS

    While the magistrate judge concluded plaintiff's due process and related claims were mooted by the Court of Appeal's decision, the state court's use of an arbitrary and capricious standard for reviewing the decision suggests it at least assumed plaintiff had a protected interest in receiving his advanced degree; it did not say plaintiff lacked such an interest.

    In *Lachtman v. Regents of University of California*, a California Court of Appeal said that "[n]o United States or California Supreme Court opinion holds a student has a property or liberty interest in continued enrollment in good standing in an academic program." 158 Cal. App. 4th 187, 199 (2007).  Nevertheless, it considered the plaintiff's due process claims, examining state and federal law.  It said California courts, like the federal courts, reviewed academic decisions narrowly, applying the arbitrary and capricious standard when considering challenges to academic decisions and examining whether the action was "'the result of irrelevant or discriminatory factors.'"  *Id*. at 205 (quoting *Banks v. Dominican College*, 35 Cal. App. 4th 1545, 1551 (1995)).

    In *Board of Curators of University of Missouri v. Horowitz*, a medical student was dismissed for failure to meet academic standards. 435 U.S. 78, 79 (1978). The respondent student sued under 42 U.S.C. § 1983, "alleging, among other constitutional violations, that petitioners had not accorded her procedural due process prior to her dismissal." *Id.* at 80. The Supreme Court found:

4

> We need not decide . . . whether respondent's dismissal deprived her of a liberty interest in pursuing a medical career. Nor need we decide whether respondent's dismissal infringed any other interest constitutionally protected against deprivation without procedural due process. Assuming the existence of a liberty or property interest, respondent has been awarded at least as much due process as the Fourteenth Amendment requires. The school fully informed respondent of the faculty's dissatisfaction with her clinical progress and the danger that this posed to timely graduation and continued enrollment. The ultimate decision to dismiss respondent was careful and deliberate. These procedures were sufficient under the Due Process Clause of the Fourteenth Amendment.

*Id.* at 84–85. Regarding alleged violations of substantive due process, the Court found:

> [A] number of lower courts have implied in dictum that academic dismissals from state institutions can be enjoined if "shown to be clearly arbitrary or capricious." *Mahavongsanan v. Hall*, 529 F.2d, at 449. *See Gaspar v. Bruton*, 513 F.2d, at 850, and citations therein. Even assuming that the courts can review under such a standard an academic decision of a public educational institution, we agree with the District Court that no showing of arbitrariness or capriciousness has been made in this case. Courts are particularly ill-equipped to evaluate academic performance.

*Id.* at 91–92 (footnote omitted). The Court further found that the factors to be considered "with respect to procedural due process speak *a fortiori* here and warn against any such judicial intrusion into academic decisionmaking." *Id.* at 92. In a footnote, the Court said the student had alleged the school used more stringent standards to evaluate her because of her sex and religion, but observed the district court had found no evidence of differential treatment based on impermissible factors. *Id*. at 92 n.7.

In *Gossett v. Oklahoma ex rel. Board of Regents for Langston University*, the Tenth Circuit repeated the Supreme Court's standard, saying "a plaintiff asserting a substantive due process claim based on an academic decision must show that the decision was the product of arbitrary state action rather than a conscientious, careful and deliberate exercise of professional judgment." 245 F.3d 1172, 1182 (10th Cir. 2001). The court said plaintiff had presented sufficient evidence his discharge from a nursing program was motivated by gender discrimination to survive summary judgment. *Id*.

Here, plaintiff is claiming the decision to deny him a Ph.D. was based in part on religious discrimination, something neither the magistrate judge nor the Court of Appeal

5

1  discussed.[1]  Moreover, the Court of Appeal's decision did not resolve the question whether
2  plaintiff has a protected property interest in receiving his Ph.D.  Rather, as in *Lachtman*, it found
3  the decision to deny plaintiff the advanced degree comported with due process.  This decision
4  does not moot plaintiff's due process and related claims in this case.

5  Accordingly, IT IS THEREFORE ORDERED that:

6  1. The court declines to adopt the findings and recommendations of April 2, 2014,
7  insofar as they recommend dismissing plaintiff's claims based on the Due Process Clause and
8  other contractual rights based on the doctrine of mootness, but adopts them in all other respects;
9  and

10  2. The case is referred back to the magistrate judge for further proceedings in
11  accordance with this order.

12  DATED: January 12, 2015.

_____
UNITED STATES DISTRICT JUDGE

---

[1] The state Court of Appeal did mention plaintiff's claims of religious discrimination, but in connection with a different case, consolidated with the challenge based on the Three Paper Rule.  ECF No. 46-1 at 16.