1
2
3
4
5
6
7

8                      UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    HOWARD ALAN ZOCHLINSKI,                    No. 2:11-cv-3295-KJM-KJN-PS

12                    Plaintiff,

13           v.                                  ORDER

14    RICHARD C. BLUM, et al.,

15                    Defendants.

16

17          On January 13, 2015, the assigned District Judge issued an order adopting in part the

18    undersigned's April 2, 2014 findings and recommendations regarding plaintiff's response to the

19    court's November 19, 2013 order to show cause why this action should not be dismissed on

20    mootness grounds.  (ECF No. 69.)  In this order, the District Judge declined to adopt the

21    recommendation that plaintiff's claims based on the Due Process Clause and other contractual

22    rights be dismissed as barred by the doctrine of mootness.  (ECF No. 69 at 6.)  Nevertheless, the

23    District Judge adopted the findings and recommendations "in all other respects," including the

24    undersigned's determination that the complaint did "not contain a short and plain statement as

25    required by Fed. R. Civ. P. 8(a)(2)," and recommendation that plaintiff be granted leave to amend

26    his complaint with regard "to his claims based on the First and Fourteenth Amendments, the

27    Americans with Disabilities Act, and related California statute claims . . . to the extent that such

28    claims are not barred by the applicable statutes of limitations."  (ECF No. 63 at 11-12; ECF No.

                                              1

1  69 at 6.)  Finally, the District Judge referred this matter back to the undersigned for further

2  proceedings in accordance with the order.

3       In light of this order, the undersigned will grant plaintiff ***30 days*** to file an amended

4  complaint with regard to all of the claims asserted in his original complaint.  As noted in the

5  court's previous orders, the allegations in plaintiff's complaint do not presently comply with the

6  requirements of Federal Rule of Civil Procedure 8.  (ECF No. 42 at 4; ECF No. 63 at 11; ECF

7  No. 69.)  Accordingly, the court will permit plaintiff an opportunity to address the complaint's

8  current deficiencies in a manner that complies with Rule 8, clarifies the claims plaintiff attempts

9  to assert, notes which claims plaintiff asserts against which defendants, and alleges with

10 particularity the overt acts defendants engaged in that support plaintiff's claims.[1]  The amended

11 pleading shall be titled "First Amended Complaint."

12      Plaintiff is informed that the court cannot refer to prior pleadings in order to make an

13 amended complaint complete.  Eastern District Local Rule 220 requires that an amended

14 complaint be complete in itself.  This is because, as a general rule, an amended complaint

15 supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) ("The

16 amended complaint supersedes the original, the latter being treated thereafter as non-existent.").

17 Accordingly, once plaintiffs file an amended complaint, the original complaint no longer serves

18 any function in the case.  Defendants not named in an amended complaint are no longer

19 defendants.  Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).

20 ////

21

22 _____

   [1] Plaintiff is further reminded of the court's August 24, 2012 order which provided: "[P]laintiff
   must allege claims for damages only under 42 U.S.C. § 1983 for violation of constitutional rights

23 under the Fourteenth Amendment attributable to conduct occurring *within the statute of
   limitations.* Plaintiff is again informed that he may not maintain a damages action against the

24 Regents or the individual defendants in their official capacities. Arizonans for Official English v.
   Arizona, 520 U.S. 43, 69 n.24 (1997); Will v. Michigan Dep't of State Police, 491 U.S. 58, 64

25 (1989) (a state is not a "person" under Section 1983); see Maldonado v. Harris, 370 F.3d 954, 951
   (9th Cir. 2004) ("[s]tate agencies ... are not … persons within the meaning of § 1983, and are

26 therefore not amenable to suit under that statute"); Cerrato v. San Francisco Community College
   Dist., 26 F.3d 968, 973 n. 16 (9th Cir.1994); Armstrong v. Meyers, 964 F.2d 948, 949-50 (9th

27 Cir. 1992); Brooks v. Sulphur Springs Valley Elec. Co., 951 F.2d 1050, 1053 (9th Cir. 1991)."

28 (ECF No. 42 at 5 (emphasis added).)

2

1    Plaintiff is also hereby informed that he is obligated to comply with court orders and the

2    rules of litigation procedure, notwithstanding his status as a pro se litigant.  Eastern District Local

3    Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any

4    order of the Court may be grounds for imposition by the Court of any and all sanctions authorized

5    by statute or Rule or within the inherent power of the Court."  Moreover, Eastern District Local

6    Rule 183(a) provides, in part:

7
> Any individual representing himself or herself without an attorney is bound by the
> Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable
8    > law.  All obligations placed on "counsel" by these Rules apply to individuals
> appearing in propria persona.  Failure to comply therewith may be ground for
9    > dismissal . . . or any other sanction appropriate under these Rules.

10

11   See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the

12   same rules of procedure that govern other litigants.").  Case law is in accord that a district court

13   may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal

14   Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to

15   comply with the court's orders.  See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991)

16   (recognizing that a court "may act *sua sponte* to dismiss a suit for failure to prosecute"); Hells

17   Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that

18   courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a

19   plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders);

20   Ferdik, 963 F.2d at 1260 ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court

21   may dismiss an action for failure to comply with any order of the court."), cert. denied, 506 U.S.

22   915 (1992); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per

23   curiam) (stating that district courts have inherent power to control their dockets and may impose

24   sanctions including dismissal), cert. denied, 479 U.S. 829 (1986).  Accordingly, plaintiff's failure

25   to file an amended pleading by the deadline stated herein may result in a recommendation that

26   this action be dismissed.

27   ////

28   ////

3

1    Based on the foregoing, IT IS HEREBY ORDERED that:

2    1.    Within **_30 days_** of the date of this order, plaintiff shall file an amended complaint

3    that is complete within itself and that addresses the deficiencies outlined above and in the court's

4    previous orders.  The amended complaint must bear the docket number assigned to this case and

5    must be labeled "First Amended Complaint."

6    2.    Failure to timely file an amended complaint that complies with this order and the

7    Federal Rules of Civil Procedure may result in a recommendation that the action be dismissed

8    with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

9    3.    Defendants shall file their response to plaintiff's amended complaint within 30

10   days of the date on which plaintiff's amended complaint is filed.

11   IT IS SO ORDERED.

12   Dated:  June 22, 2015

13

14                                                    KENDALL J. NEWMAN
                                                      UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4