UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD ALAN ZOCHLINSKI,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD C. BLUM, et al.,<br><br>Defendants. | No. 2:11-cv-3295-KJM-KJN (PS)<br><br><br>ORDER AND<br><br>FINDINGS AND RECCOMMENDATIONS |

Through these findings and recommendations, the undersigned recommends that plaintiff's case be dismissed with prejudice and that this case be closed.[1] Plaintiff Howard Alan Zochlinski twice failed to file an opposition to defendants' motion to dismiss plaintiff's first amended complaint pursuant to Rule 12(b)(6) despite plaintiff having been clearly warned of the consequences for failing to do so.

I.  BACKGROUND

Plaintiff, proceeding without counsel, filed his original complaint in the Yolo County Superior Court on June 28, 2010.  (ECF No. 2-1.)  Defendants subsequently removed the action to this court on December 12, 2011, on the basis of this court's federal question jurisdiction.  (ECF No. 2.)  That same day, the court issued an order setting a status conference.  (ECF No. 4.)

---

[1] This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

That order cautioned the parties that "pursuant to Local Rule 230(c), opposition to the granting of a motion must be filed fourteen days preceding the noticed hearing date." (Id. at 3.) Additionally, it cautioned that "[Local Rule 230(c) further provides that '[n]o party will be entitled to be heard in opposition to a motion at oral arguments if written opposition to the motion has not been timely filed by that party.' Moreover, Local Rule 230(i) provides that failure to appear may be deemed withdrawal of opposition to the motion or may result in sanctions." (Id.) Finally, the order notified the parties that "Local Rule 110 provides that failure to comply with the Local Rules 'may be grounds for imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the Court.'" (Id.)

      On July 21, 2015, plaintiff filed the operative first amended complaint. (ECF No. 71.) Defendants filed a motion to dismiss plaintiff's first amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on August 19, 2015. (ECF No. 72.) The motion to dismiss was noticed for hearing on October 8, 2015. (Id.) As noted above, pursuant to this court's Local Rules, plaintiff was obligated to file and serve a written opposition, or a statement of non-opposition, to the pending motion at least fourteen (14) days prior to the hearing date, or September 24, 2015. See E.D. Cal. L.R. 230(c).[2] However, plaintiff failed to file an opposition or statement of non-opposition to the motion by that deadline.

      As a result of plaintiff's failure, but in light of his pro se status, the undersigned issued an order on October 5, 2015, continuing the hearing on the motion to dismiss until December 17, 2015, and providing plaintiff with an additional opportunity to file an opposition or statement of non-opposition to the motion on or before December 3, 2015. (ECF No. 74.) In that order, the undersigned specifically warned plaintiff that his "failure to file a written opposition will be

---

[2] More specifically, Eastern District Local Rule 230(c) provides:

> **(c) Opposition and Non-Opposition.** Opposition, if any, to the granting of the motion shall be in writing and shall be filed and served not less than fourteen (14) days preceding the noticed (or continued) hearing date. A responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect, specifically designating the motion in question. No party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party. . . .

2

deemed a statement of non-opposition to the pending motion and consent to the granting of the motion [to dismiss], and shall constitute an additional ground for the imposition of appropriate sanctions, including monetary sanctions and/or a possible recommendation that plaintiff's entire case be involuntarily dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b)." (Id. at 3). The order also advised plaintiff as follows:

> Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Moreover, Eastern District Local Rule 183(a) provides, in part:
>
>> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules.
>
> See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.") (overruled on other grounds). Case law is in accord that a district court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules.[3] See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal"); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court"); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal or default).

---

[3] The Ninth Circuit Court of Appeals had held that under certain circumstances a district court does not abuse its discretion by dismissing a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b) for failing to file an opposition to a motion to dismiss. See, e.g., Trice v. Clark County Sch. Dist., 376 Fed. App'x. 789, 790 (9th Cir. 2010) (unpublished).

(Id. at 2-3.)

Although the December 3, 2015 deadline has now passed, the court's docket reveals that plaintiff again failed to file an opposition to the motion to dismiss.[4]

## II. DISCUSSION

Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss an action for failure to prosecute, failure to comply with the Federal Rules of Civil Procedure, failure to comply with the court's local rules, or failure to comply with the court's orders. See, e.g., Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court"); Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002) (affirming district court's dismissal of case for failure to prosecute when habeas petitioner failed to file a first amended petition). This court's Local Rules are in accord. See E.D. Cal. L.R. 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court"); E.D. Cal. L.R. 183(a) (providing that a pro se party's failure to comply with the Federal Rules of Civil Procedure, the court's Local Rules, and other applicable law may support, among other things, dismissal of that party's action).

---

[4] The undersigned further notes that the court's orders have not been returned to the court as undeliverable. Nevertheless, even if they had been, it is plaintiff's duty to keep the court informed of his current address, and service of the court's orders at the address on record was effective absent the filing of a notice of change of address. In relevant part, Local Rule 182(f) provides: "Each appearing attorney and pro se party is under a continuing duty to notify the Clerk and all other parties of any change of address or telephone number of the attorney or the pro se party. Absent such notice, service of documents at the prior address of the attorney or pro se party shall be fully effective."

A court must weigh five factors in determining whether to dismiss a case for failure to prosecute, failure to comply with a court order, or failure to comply with a district court's local rules. See, e.g., Ferdik, 963 F.2d at 1260. Specifically, the court must consider:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.

Id. at 1260-61; accord Pagtalunan, 291 F.3d at 642-43; Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995). The Ninth Circuit Court of Appeals has stated that "[t]hese factors are not a series of conditions precedent before the judge can do anything, but a way for a district judge to think about what to do." In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006).

Although involuntary dismissal can be a harsh remedy, on balance the five relevant factors weigh in favor of dismissal of this action. The first two factors strongly support dismissal of this action. Plaintiff's repeated failure to oppose defendants' motion to dismiss, despite clear warnings of the consequences, strongly suggests that plaintiff has abandoned this action or is not interested in seriously prosecuting it. See, e.g., Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal"). Any further time spent by the court on this case, which plaintiff has demonstrated a lack of any serious intention to pursue, will consume scarce judicial resources and take away from other active cases. See Ferdik, 963 F.2d at 1261 (recognizing that district courts have inherent power to manage their dockets without being subject to noncompliant litigants).

In addition, the third factor, which considers prejudice to a defendant, should be given some weight. See Ferdik, 963 F.2d at 1262. Here, defendants have been named in a lawsuit that plaintiff appears to have effectively abandoned. At a minimum, defendants have been prevented from attempting to resolve this case on the merits by plaintiff's unreasonable delay in prosecuting this action. Unreasonable delay is presumed to be prejudicial. See, e.g., In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d at 1227. Plaintiff's repeated delay in this action with regard to addressing defendants' pending motion to dismiss has caused

1  defendants to make additional filings with the court in response to plaintiff's inaction, thereby
2  further prejudicing defendants by causing them to needlessly spend additional resources
3  advancing their interest in an action plaintiff appears to have abandoned.  (See ECF No. 72.)
4         The fifth factor, which considers the availability of less drastic measures, also supports
5  dismissal of this action.  As noted above, the court has actually pursued remedies that are less
6  drastic than a recommendation of dismissal.  See Malone v. U.S. Postal Serv., 833 F.2d 128, 132
7  (9th Cir. 1987) ("[E]xplicit discussion of alternatives is unnecessary if the district court actually
8  tries alternatives before employing the ultimate sanction of dismissal").  Before recommending
9  dismissal, the court granted plaintiff an additional opportunity to oppose the motion to dismiss
10  and advised plaintiff that he was required to actively prosecute the action and follow the court's
11  orders.  It also warned plaintiff in clear terms that failure to oppose the motion to dismiss, or file a
12  statement of non-opposition to the motion, will result in a recommendation of dismissal of this
13  action with prejudice.  Warning a plaintiff that failure to take steps towards resolution of his or
14  her action on the merits will result in dismissal satisfies the requirement that the court consider
15  the alternatives.  See, e.g., Ferdik, 963 F.2d at 1262 ("[O]ur decisions also suggest that a district
16  court's warning to a party that his failure to obey the court's order will result in dismissal can
17  satisfy the 'consideration of alternatives' requirement") (citing Malone, 833 F.2d at 132-33).  In
18  any event, the court finds no suitable alternative to a recommendation for dismissal at this
19  juncture.  Because plaintiff has not made any attempt to comply with the court's prior orders
20  concerning defendants' motion to dismiss, the court has little confidence that plaintiff would pay
21  monetary sanctions if they were to be imposed in lieu of dismissing the case.
22         The court also recognizes the importance of giving due weight to the fourth factor, which
23  addresses the public policy favoring disposition of cases on the merits.  However, for the reasons
24  set forth above, factors one, two, three, and five strongly support a recommendation of dismissal
25  of this action, and factor four does not materially counsel otherwise.  Dismissal is proper "where
26  at least four factors support dismissal or where at least three factors 'strongly' support dismissal."
27  Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citations and quotation marks
28  omitted).  Under the circumstances of this case, the other relevant factors outweigh the general

6

public policy favoring disposition of actions on their merits.  See Ferdik, 963 F.2d at 1263.  If anything, a disposition on the merits has been hindered by plaintiff's own failure to prosecute the case and comply with court orders.

III.    CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that the December 17, 2015 hearing on defendants' motion to dismiss is VACATED.

Furthermore, IT IS HEREBY RECOMMENDED that:

1.    This action be DISMISSED WITH PREJUDICE pursuant to Federal Rule of Civil Procedure 41(b) for plaintiff's failure to prosecute the action and failure to follow the Local Rules and the court's orders.

2.    Defendants' motion to dismiss (ECF No. 72) be DENIED AS MOOT.

3.    The Clerk of Court be directed to close this case and vacate all dates.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED AND RECOMMENDED.

Dated:  December 8, 2015

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE