UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD ALAN ZOCHLINSKI,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD C. BLUM, et al.,<br><br>Defendants. | No. 2:11-cv-3295-KJM-KJN (PS)<br><br><br><br>ORDER |

Presently before the court is plaintiff's motion to excuse his repeated failures to file and opposition to defendants' motion to dismiss, for an extension of time to file such an opposition, and for assignment of pro bono counsel to assist him in this matter. (ECF No. 76.) Defendants oppose plaintiff's motion. (ECF No. 77.) For the reasons that follow, the court denies plaintiff's motion in its entirety.

I.   Background

Defendants filed a motion to dismiss on August 19, 2015, with a noticed hearing date of October 8, 2015. (ECF No. 72.) Plaintiff failed to timely oppose this motion, request an extension of time to file an opposition, or otherwise provide any response to this motion. Therefore, the court, taking into account plaintiff's pro se status, *sua sponte* provided plaintiff an additional opportunity to oppose defendants' motion by continuing the hearing date to December 17, 2015, and giving plaintiff the clear deadline of December 3, 2015, by which to file his

1

opposition, or statement of non-opposition, to defendants' motion.  (ECF No. 74.)  Plaintiff again failed to file any response to defendants' motion or request an extension of time by the court's deadline.  Accordingly, the court issued findings and recommendations to the presiding district judge on December 8, 2015, recommending that this entire action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b) due to plaintiff's repeated failure to oppose defendants' motion to dismiss and follow the court's orders.  (ECF No. 75.)  Later that same day, plaintiff filed the present motion.  (ECF No. 76.)

II.     Discussion

Plaintiff appears to make two distinct requests through his motion.  First, plaintiff requests that the court excuse his multiple failures to timely file an opposition to defendants' motion to dismiss and grant him an extension of time to January 14, 2016, to file his opposition.  Second, plaintiff requests assignment of pro bono counsel to assist him in this action.  The court addresses each request in turn.

   A.     *Request to Excuse Failure to File Opposition and for Extension of Time*

In support of his request to excuse his repeated failure to file an opposition to defendants' motion to dismiss and for an extension of the already-passed deadline to file such an opposition, plaintiff claims that he misread the court's October 5, 2015 order, which continued the hearing on defendants' motion to dismiss to December 17, 2015, and directed plaintiff to file an opposition by no later than December 3, 2015, due to plaintiff's initial failure to timely file an opposition.  Specifically, plaintiff states that he misconstrued the court's order to mean that his opposition was due on December 17, 2015, not December 3, 2015, as it actually directed.  Plaintiff also claims that he thought he had already filed a request for an extension of time prior to the December 3, 2015 deadline, but was mistaken.

While the court is aware of plaintiff's pro se status, and, therefore, has provided him with some leniency in this action, such as excusing his initial failure to file an opposition to defendants' motion to dismiss, the court does not find plaintiff's claimed misreading of the court's October 5, 2015 order to be good cause to excuse plaintiff's second failure to timely file an opposition to defendants' motion to dismiss.  Indeed, the court's October 5, 2015 order very

clearly and unequivocally directed plaintiff to file his opposition to defendants' motion by December 3, 2015, informed plaintiff that this was to be his "one final opportunity to file either an opposition or statement of non-opposition to the motion," and cautioned him "that a further failure to meet the extended deadline to file an opposition to defendants' motion w[ould] be considered as plaintiff's non-opposition to and grounds for granting defendants' motion to dismiss." (ECF No. 74 at 3.) The court further cautioned plaintiff "that a failure to comply with this order may result in the imposition of appropriate sanctions, including, but not limited to, monetary sanctions and/or the possible recommendation that plaintiff's entire case be involuntarily dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b)." (Id.) Despite these clear directives, which granted plaintiff nearly 2 full months of additional time in which to file an opposition, statement of non-opposition, or request a further extension of time, plaintiff failed to timely respond in any manner. Under Local Rule 183(a), all obligations placed on counsel in this court, including those imposed by Federal Rules of Civil Procedure, this court's Local Rules, and this court's orders, "apply to individuals appearing *in propria persona*." Given plaintiff's long history of filing and litigating cases in this District and his apparent ability to follow prior court orders and request extensions of time prior to the relevant filing deadlines in the instant action, the court finds plaintiff's excuse that he misunderstood the court's clear order setting the extended filing deadline to be unavailing.

Plaintiff also asserts that the court should excuse his repeated failure to file an opposition and grant his request for an extension of time because he has recently suffered from medical problems that have interfered with his ability to draft his opposition in an expeditious manner. More specifically, plaintiff claims that:

> he is developing glaucoma and cataracts, which interfered with his doing of any work for several weeks, until he could arrange medical appointments and get medications and new glasses and an ER note over an emergency visit over what appears to have been a sudden onset of migraines, which led to time in the ER and at home in bed due to this development, suffering what is known as 3-d reversal – i.e. a hole appears to come out towards an individual while objects appear recessed.

1  (ECF No. 76 at 2.)  Plaintiff claims that these afflictions have impacted his ability to work on his
2  opposition and will continue to do so until his medications are fully effective.  In support of his
3  claim, plaintiff has attached copies of various medical literature on his claimed conditions, notes
4  from two medical examinations dated September 16, 2015, and November 12, 2015, respectively,
5  and two doctors' notes excusing plaintiff from work due to his ailments, dated September 16,
6  2015, and September 30, 2015, respectively.  (Id. at 26-43.)

7         The court finds plaintiff's claim that his medical problems should excuse his failures to
8  timely oppose defendants' motion to dismiss to lack merit for two reasons.  First, the medical
9  notes plaintiff attached to his motion do not support his claim that his ailments have prevented
10 him from timely opposing defendants' motion.  Indeed, while these attachments include two
11 doctors' notes excusing plaintiff from work, they were written on September 16, 2015, and
12 September 30, 2015, respectively, well over 2 months prior to the extended deadline by which
13 plaintiff had to file his opposition.  (See id. at 26, 31.)  Moreover, the September 16, 2015 note
14 states that plaintiff's conditions excused him from work for only 1 day.  (Id. at 26.)  While the
15 September 30, 2015 note does not specify how long his ailments would prevent plaintiff from
16 working, there is no indication that his condition prevented him from working for the more than 2
17 month period between that date and the extended opposition deadline.  (See id. at 31.)  Similarly,
18 the most recent examination notes attached to plaintiff's motion, for an eye examination dated
19 November 12, 2015, describe plaintiff's glaucoma as leaving him "with good IOP control,"
20 cataracts as "very mild, asymptomatic," and migraines as "not intractable," (Id. at 42-43),
21 therefore indicating that plaintiff's medical conditions are not as severe as he describes them.

22        Second, despite plaintiff's claim that his medical problems have prevented him from
23 working on his opposition, he has managed to file the present motion which is 25 pages long
24 absent the attached medical documents.  This motion also appears to include a "preliminary"
25 response to the merits of defendants' motion to dismiss.  Indeed, the majority of plaintiff's motion
26 seems to consist of substantive arguments in opposition to certain aspects of defendants' motion.
27 (See id. at 3-24.)  The fact that plaintiff has managed to draft and file this "preliminary"
28 opposition within 24 hours of the court issuing its findings and recommendations recommending

1 that this action be dismissed due to plaintiff's repeated failures to file an opposition further

2 indicates that plaintiff is not as medically hindered in pursuing this action as he alleges.

3       In sum, plaintiff fails to establish good cause for the court to excuse his repeated failure to

4 timely file an opposition to defendants' motion to dismiss.  Accordingly, plaintiff's motion is

5 denied.  However, the court is cognizant of the fact that findings and recommendations

6 recommending that this entire action be dismissed with prejudiced are currently pending, that the

7 14-day deadline to file objections those findings and recommendations is fast approaching, and

8 that plaintiff has not yet filed such objections likely in anticipation of the court's order on his

9 present motion.  Accordingly, the court grants plaintiff additional time in which to file objections,

10 if any, to the court's pending findings and recommendations.  Plaintiff shall file such objections,

11 if any, within 14 days of this order.

12       B.    *Request for Appointment of Pro Bono Counsel*

13       Plaintiff also appears to request that the court appoint him pro bono counsel to assist him

14 in this matter.  There is no constitutional right to counsel in a civil case.  Lassiter v. Dep't of

15 Social Services, 452 U.S. 18, 25 (1981).  Nevertheless, under 28 U.S.C. § 1915(e)(1), district

16 courts are granted discretion to appoint counsel for indigent persons.  However, this discretion

17 may be exercised only under "exceptional circumstances."  Terrell v. Brewer, 935 F.2d 1015,

18 1017 (9th Cir. 1991).  "A finding of exceptional circumstances requires an evaluation of both the

19 likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in

20 light of the complexity of the legal issues involved.  Neither of these factors is dispositive and

21 both must be viewed together before reaching a decision."  Id.  Furthermore, 28 U.S.C. §

22 1915(e)(1) confers on a district court only the power to "request" that counsel represent a litigant

23 who is proceeding *in forma pauperis*.  This does not give the courts the power to make "coercive

24 appointments of counsel."  Mallard v. United States Dist. Court, 490 U.S. 296, 310 (1989).

25       Here, plaintiff states in the title caption of his motion that he requests the court to appoint

26 him pro bono counsel, but does not provide any further elaboration on why this request is

27 warranted.  (See ECF No. 76 at 1.)  Accordingly, plaintiff fails to demonstrate that the required

28 exceptional circumstances are present to support such a request.  Furthermore, because there are

findings and recommendations recommending that plaintiff's entire action be dismissed with prejudice currently pending (ECF No. 75), the court finds that plaintiff cannot likely succeed on the merits of this action. In addition, the issues presented in this action do not appear so complex that plaintiff could not adequately articulate his claims if he were to continue to represent himself in this matter. Finally, a review of the docket in this action demonstrates that plaintiff is not currently proceeding *in forma pauperis* in this action. Accordingly, plaintiff's request for appointment of pro bono counsel in this matter is denied.

III.   Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that:

1.   Plaintiff's motion to excuse his failure to file an opposition to defendants' pending motion to dismiss and request for an extension of time to file such an opposition (ECF No. 76) is DENIED.

2.   Plaintiff's request for the appointment of pro bono counsel (ECF No. 76) is DENIED.

3.   Within 14 days of the date of this order, plaintiff may file objections, if any, to the court's December 8, 2015 findings and recommendations. No further extensions of this deadline will be granted.

IT IS SO ORDERED.

Dated:  December 22, 2015

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE